The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Theresa B. Stephenson and defendant's brief to the Full Commission. Plaintiff did not file a brief. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 22 October 1996, and following, and in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1, as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on 4 November 1995.
3. Defendant-employer was self-insured on 4 November 1995.
4. Plaintiff's average weekly wage may be determined by an Industrial Commission Form 22, received by the undersigned on 2 June 1997.
5. Plaintiff's medical records regarding this claim are received into evidence.
6. The issues to be determined by this hearing by this hearing are whether plaintiff sustained a compensable injury to her back on 4 November 1995; and if so, what, if any, benefits is she entitled.
 *********** RULINGS ON EVIDENTIARY MATTERS
The objection contained within the deposition of Dr. Inad Atassi is ruled upon in accordance with the applicable provision of the law and the Opinion and Award in this case.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 4 November 1995 plaintiff was a 35 year old female employed be defendant-employer as Assistant Director for Recreation. As part of plaintiff's responsibilities she assisted in setting up for sporting events.
2. On or about 4 November 1995 plaintiff was pulling out heavy bleachers in preparation for a basketball game that evening. In order to pull out these heavy bleachers, plaintiff gripped the bottom, located approximately one and one-half (1 1/2) feet off the ground and pulled. Plaintiff felt a pain in her back and when she proceeded to straighten up, she could not. She experienced severe lower back pain and a pain extending in the back groin area on the right side. Plaintiff only had approximately one more hour left to work and she left at her regular time at two o'clock p.m.
3. Plaintiff's work-related incident to her back occurred on Saturday. Sunday and Monday were plaintiff's regular days off. Plaintiff reported the incident concerning the bleachers to her supervisor on Tuesday. Defendant-employer completed an accident/injury report on 3 December 1995.
4. Plaintiff worked up to 20 November 1995, but on that day she was unable to work due to the pain. Plaintiff sought treatment from Dr. Atassi on 21 November 1995. Dr. Atassi placed plaintiff out of work for ten (10) more days and ordered an MRI. Plaintiff's MRI revealed a disc herniation at the L5-S1 level on the right side.
5. Dr. Atassi had previously treated plaintiff for back pain in 1994, but a 1994 MRI had not revealed any disc herniation.
6. As a result of her work-related incident on 4 November 1995, plaintiff suffered a herniated disc in her lower back.
7. As a result of her 4 November 1995 work-related incident, plaintiff was unable to work from 20 November 1995 through 4 December 1995.
8. Plaintiff returned to work for defendant-employer on 5 December 1995 at the same or greater wages, but her duties changed to overseeing the Preschool Center, which is a less physically demanding responsibility.
9. Plaintiff has not reached maximum medical improvement and has not received a rating. Plaintiff may need surgery to her back in the future as a result of her 4 November 1995 work-related incident.
10. Plaintiff's average weekly wage on 4 November 1995, per the Industrial Commission Form 22 was $406.91, resulting in a compensation rate of $271.28.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 4 November 1995, plaintiff sustained an injury by accident to her back arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. §97-2(6).
2. As a result of the compensable injury on 4 November 1995, plaintiff is entitled to temporary total disability from 20 November 1995 through 4 December 1995 at her compensation rate of $271.28; however, plaintiff is not entitled to compensation for the first seven calendar days of disability resulting from an injury N.C. Gen. Stat. § 97-29; N.C. Gen. Stat. § 97-28.
3. As plaintiff has not yet reached maximum medical improvement, this Opinion does not address that issue.
4. Plaintiff is entitled to have defendants provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to a reasonable attorney fee herein approved, the defendants shall pay temporary total disability compensation to the plaintiff at a rate of $271.28 per week for the period 20 November 1995 through 4 December 1995; however, plaintiff is not entitled to compensation for the first seven calendar days of disability resulting from an injury. Said amount shall be payable in a lump sum.
2. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded plaintiff in Paragraph 1 of this AWARD is hereby approved, to be deducted from sums due plaintiff and paid directly to plaintiff's counsel.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of her compensable injury on 4 November 1995, when bills for the same shall have been submitted to the Industrial Commission pursuant to approved Industrial Commission procedure.
4. Defendants shall pay the costs.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER